FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

04 FEB 13 PM 4:47

**VERNELL WOODS,**

Plaintiff(s),

vs.  Case No. 8:02-CV-2302-T-27TBM

**PRICEWATERHOUSECOOPERS, INC.,**

Defendant(s).
_____/

<u>**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment (Dkt. 19). Upon consideration, Defendant's motion is granted.

**I. Introduction and Procedural Posture**

Plaintiff sued Defendant contending that her supervisors discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (as amended), 42 U.S.C. § 1981A and 42 U.S.C. § 1985 with respect to compensation, promotional opportunities and her termination. (Dkt. 16, Sec. Am. Compl.). Additionally, Plaintiff alleges that Defendant's conduct constitutes intentional or negligent infliction of emotional distress (Dkt. 16). Defendant denies Plaintiff's claims and seeks entry of summary judgment. (Dkt. 19).

Although Plaintiff was represented by counsel in the earlier stages of the parties' litigation, she is now proceeding *pro se.* See (Dkts. 21, 23, 26). As a result, after Defendant filed its Motion for Summary Judgment, the Court advised Plaintiff of her rights and responsibilities under Federal Rule of Civil Procedure 56 and extended the deadline for Plaintiff's response. (Dkt. 24). Plaintiff responded to Defendant's Motion for Summary Judgment by filing an unsworn statement and



unauthenticated documents.[1] (Dkt. 29).

## II. Factual Background[2]

Plaintiff began her employment with Defendant as a contract worker in November 1992 and held the title of administrative assistant. (Dkt. 20, Ex. 1, Plaintiff's Depo. at 11, 29-30). In addition to clerical duties, she later performed the work of a program administrator. Id. at 77. In that capacity, Plaintiff handled the administrative functions of organizing participation in training courses offered by Defendant. Id. at 1389; (Dkt. 20, Ex. 5, Deposition of Margie Lloyd at 24-25).

In August 1995, Plaintiff was hired as a full-time employee. (Plaintiff's Depo. at 46, 201). She maintained the title of administrative assistant although she continued to perform the work of a program administrator. Id. at 46, 201. Plaintiff was designated as a "lead" in March 2001, which was designed to be a support position to the event coordinators. The "lead" was the first person the team members could go to to ask questions and the "lead" had the additional responsibility of managing vacation coverage. (Dkt. 20, Ex. 6, Deposition of Andrea Raimondo).

Plaintiff applied for and was denied a promotion to a managerial position in October 2001. (Plaintiff's Depo. at 216-17). Defendant maintains that Plaintiff did not receive the promotion because other employees were performing at a higher level than Plaintiff. (Lloyd Depo. at 62-63). Additionally, Defendant contends that Plaintiff had weak communication skills. (Dkt. 20, Ex. 4, Deposition of Sandra Kinsey at 105-107). Complaints were made to Sandra Kinsey, Defendant's

---

[1] The Eleventh Circuit has "never allowed (pro se litigants successfully) to oppose summary judgment by the use of unsworn (or incompetent) materials," however, the Court must determine whether the documents filed by Plaintiff would be sufficient if they were verified or authenticated. See Barker v. Norman, 651 F.2d 1107 (11th Cir. 1981) (quoting Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980)).

[2] All evidence must be viewed in the light most favorable to the Plaintiff. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir.1997).

2

managing director of the Learning and Professional Development Division, indicating that Plaintiff had communication problems. Id. at 14, 108-09, 143-44. Defendant also asserts that Plaintiff had difficulty grasping new processes and was easily overwhelmed. (Raimondo Depo. at 93, 97).

Plaintiff was never informed that partners or managers could not understand her letters. (Dkt. 29). Although her performance evaluations indicated that Plaintiff's communication skills needed improvement, her supervisor noted that her skills had improved. (Dkt. 29, Ex. 1). Her performance review for the period of October 1998 through April 1999 reflected, however, that her communication skills required additional improvement.[3] Id. Her performance review for the period of October 1998 through April 1999 was satisfactory. (Dkt. 29, Ex. 1). Her performance review for the period of July 2000 through April 2001 was excellent. (Dkt. 20, Ex. 7).

When she was not awarded the promotion, Plaintiff contended that she had been discriminated against on the basis of her race. Id. at 235, Ex. 9. Defendant investigated Plaintiff's contentions and found that the employees who received the promotions, Lynn Forest, Teri Ponsot and Melinda Sasxon, performed at a higher level than Plaintiff. (Dkt. 20, Ex. 5, Deposition of Margie Lloyd at 62-63).

On January 23, 2002, Plaintiff was terminated. (Plaintiff's Depo. at 48). According to Defendant, Plaintiff was terminated as part of a reduction in force of its consulting division. (Dkt.

---

[3] Specifically, her supervisor wrote:
> Vernell has improved in her written communications, especially in communications to those outside the department (participants and CE contracts). However she still has some way to go. Vernell is scheduled to go to a course in grammar in June. Given that the course administrator role requires considerable written communication, it is essential that Vernell continue to improve in this area.

(Dkt. 29).

3

20, Ex. 3, Deposition of David Duhamel at 57, 59). Along with Plaintiff, Karen Duvall and Teanna Ennis, two non-minority employees, were terminated. (Lloyd Depo. at 87).

Plaintiff reported her claims of discrimination to Defendant beginning in March 1997. (Dkt. 29). When she reported her claims, her supervisor, David Duhamel, researched her claims and found that she had legitimate cause. Id.

### III. Summary Judgment Standards

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Fed. R. Civ. P. 56. The Court must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Although factual inferences derived from *pro se* pleadings are entitled to a liberal interpretation, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that a genuine issue of material fact exists. Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

## IV. Discussion

### A. Plaintiff's Discrimination Claims

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence, Plaintiff may prove her case through circumstantial evidence, using the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Silvera v. Orange County School Bd., 244 F.3d 1253, 1258 (11th Cir. 2001).[4] Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff. E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002).

#### 1. Failure to Promote

Generally, a plaintiff establishes a prima facie case of racial discrimination for failure to promote by proving (1) that she belongs to a racial minority; (2) that she is qualified for the position she is seeking and for which her employer is considering applicants; (3) that her employer rejected her application; and (4) after such rejection, the employer either filled the position with a person not of the same racial minority or left the position open. Sledge v. Goodyear Dunlop Tires North America, Ltd, 275 F.3d 1014, 1015 n.1 (11th Cir. 2001). Plaintiff has not set forth a prima facie case

---

[4] The Supreme Court has held that the test for intentional discrimination in suits under Section 1981 is the same as the formulation used for Title VII discrimination suits. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998); Brown v. American Honda, 939 F.2d 946, 949 (11th Cir. 1991) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 185-87 (1989)).

concerning this claim. She has not set forth evidence establishing that she was qualified for the managerial position she sought. Plaintiff had weak communication skills and the positions in the Learning and Professional Development Division required that employees communicating with others exhibit good communication skills. Plaintiff's own evidence indicates that she has a deficiency in her communication skills. As such, the undisputed evidence establishes that she was not qualified.

Additionally, Plaintiff has not shown that she was treated differently than similarly situated employees who were not members of a protected class. See Weaver v. Tech Data Corporation, 66 F.Supp. 2d 1258, 1270 (M.D. Fla 1999). "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir.1997). Plaintiff has not established that the promoted employees were similarly situated to her with respect to work history, credentials or performance. The absence of such evidence is fatal to Plaintiff's failure to promote claim.

### 2. Compensation Claim

To establish her claim that she was discriminated against with respect to her compensation, Plaintiff must set forth evidence that she was paid less than a similarly situated, non-minority co-worker who performed the same job responsibilities as Plaintiff. Meeks v. Computer Assoc. Int'l., 15 F.3d 1013, 1019 (11th Cir. 1994). Plaintiff has not identified a single co-worker with a similar work history, resume, credentials or record of performance that was given a higher rate of pay for performing the same work as Plaintiff. As such, she has not established a prima facie case of discrimination with respect to her compensation.

### 3. Termination Claim

To establish a prima facie case of racial discrimination in a discharge case, Plaintiff must

prove that (1) she is a member of a protected class; (2) she was qualified for the position held; and that (3) she was discharged and replaced by a person outside of the protected class or was discharged while a person outside of the protected class with equal or lesser qualifications were retained. Lee v. Russell County Bd. of Educ., 684 F.2d 769, 773 (11th Cir. 1982); see also Mitchell v. USBI Co., 186 F.3d 1352 (11th Cir. 1999). Plaintiff has not established a prima facie case with respect to this claim. She admittedly had weak communication skills that she was working to improve. Communication skills were a necessary requirement in her position as she needed to correspond with others concerning the various programs she coordinated administratively. Additionally, there is no evidence in the record that employees similarly situated to Plaintiff were retained while she was discharged. Plaintiff has not pointed to any other employees' credentials, background or performance to show that they were similar to her in all such respects and were nevertheless retained. The undisputed evidence establishes that two non-minority employees that performed the same work as Plaintiff were also discharged. As Plaintiff has failed to establish a prima facie case with respect to this claim, summary judgment must be granted to the Defendant.

4.     **Retaliation Claim**

To the extent Plaintiff contends in her Second Amended Complaint that she was terminated in retaliation for lodging claims of discrimination, Plaintiff has not established that a genuine issue of material fact exists for trial as to that claim. The undisputed facts establish that she engaged in protected activity by reporting her discrimination claims in March 1997 and that she was terminated in January 2002. See Gupta v. Florida Bd. of Regents, 212 F.3d 571 (11th Cir. 2000) (explaining standard for retaliation claims). There is no causal link, however, between the protected activity and Plaintiff's termination. See id. More than four years passed between the time Plaintiff complained of discrimination and the time she was terminated. This time period is too long to establish a

temporal or causal connection. As Plaintiff failed to set forth a genuine issue of material fact that remains for trial concerning her retaliation claim, summary judgment is appropriate as to this claim.

**B.     Intentional or Negligent Infliction of Emotional Distress**

Summary judgment must be granted to Defendant as to Plaintiff's claims of intentional or negligent infliction of emotional distress. Plaintiff's claims are not sufficiently "outrageous" to meet the requirement in Florida for stating a claim for intentional infliction of emotional distress. See Mundy v. Southern Bell Telephone & Telegraph Co., 676 F.2d 503, 505-506 (11th Cir. 1982). Additionally, she has not set forth evidence establishing that she suffered physical injury from any alleged negligence of Defendant which is required to prove a claim of negligent infliction of emotional distress. See Jackson v. Sweat, 855 So. 2d 1151 (Fla. 1st DCA 2003); Rivers v. Grimsley Oil Co., 842 So. 2d 975, 975-76 (Fla. 2d DCA 2003).

Accordingly, even considering Plaintiff's unsworn statement and unauthenticated documents, Plaintiff has not established that genuine issues of material fact remain for trial in this case. Additionally, notwithstanding Plaintiff's self-serving and unsworn statement that her supervisor David Duhamel told her that "she had legitimate cause" for her claims, no evidence supports that contention. It is, therefore,

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Dkt. 19) is **GRANTED**. The Clerk is directed to enter judgment in favor of the Defendant and close this case.

**DONE AND ORDERED** in chambers this 12th day of February, 2004.

JAMES D. WHITTEMORE
United States District Judge

cc: Counsel of Record

F I L E   C O P Y

Date Printed: 02/17/2004

Notice sent to:

   ___   Vernell Woods
          4949 Marbrisa Dr., Apt. 803
          Tampa, FL   33624

          8:02-cv-02302     jab

   ___   Peter W. Zinober, Esq.
          Zinober & McCrea, P.A.
          201 E. Kennedy Blvd., Suite 800
          Tampa, FL   33602

          8:02-cv-02302     jab

   ___   Gerard Dominic Solis, Esq.
          Zinober & McCrea, P.A.
          201 E. Kennedy Blvd., Suite 800
          Tampa, FL   33602

          8:02-cv-02302     jab

   ___   Megan Lagretta Lenker, Esq.
          Zinober & McCrea, P.A.
          201 E. Kennedy Blvd., Suite 800
          Tampa, FL   33602

          8:02-cv-02302     jab

   ___   Mark A. Hanley
          Glenn, Rasmussen, Fogarty & Hooker, PA
          100 S. Ashley Dr., Suite 1300
          P.O. Box 3333
          Tampa, FL   33601-3333

          8:02-cv-02302     jab